UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ANA L. RODRIGUEZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:14 CV 169 |
|  | ) |  |
| NEWTON COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

I.    BACKGROUND

Plaintiff Ana L. Rodriguez was involved in a rather unfortunate mix-up. Her troubles began on August 24, 2012, when she went to the Newton County Jail in Order to post bond for a friend in custody. (DE # 51-3 at 1.) Upon identifying herself to jail personnel, she was advised that there was an active warrant for an individual named Ana R. Rodriguez. (*Id.*) Plaintiff pointed out that her name and date of birth did not match the individual named in the warrant. (*Id.*) Nevertheless, she was taken into custody at the Newton County Jail and held for transfer to Lake County, which had originated the warrant. (*Id.*)

Plaintiff would spend the next three days in the Newton County Jail before being transferred to the Lake County Jail on Monday, August 27, 2012, at 11:15 AM. (*Id.*; DE # 43-2.) At intake, she repeatedly advised Lake County Jail staff of the mix-up and pointed out the discrepancies with the warrant. (DE # 51–3 at 1.) Plaintiff claims that Lake County Jail staff ignored this information and processed her into custody. (*Id.*) She

was ultimately held in custody for another eight hours before posting $1,000 bond. (*Id.* at 2; DE # 43-4.)

Defendants Lake County Jail and Lake County Sheriff's Department[1] claim that, at intake, Jail staff consulted a computer database called the "Wanted Person Table." (DE # 42 at 2.) On that date and time, the information in the Wanted Person Table matched plaintiff's name and date of birth. (DE # 43-7.) Neither party offers any explanation for why the information in the Wanted Person Table did not match the information contained in the original warrant. Lake County defendants otherwise agree that they did not make any attempt to verify plaintiff's claims regarding the mix-up. (DE # 42 at 2-3.)

The charges for which the warrant was issued were eventually dismissed against plaintiff on May 15, 2013. (DE # 51-3 at 2.) On September 8, 2013 plaintiff served a Notice of Tort Claim on Lake County Defendants as well as Newton County Jail and the Newton County Sheriff's Department ("Newton County Defendants"). (DE # 43-3.)

Plaintiff then filed the instant suit against Lake County and Newton County defendants. In her second amended complaint (DE # 28), she brings four counts: (1) a state law claim for intentional infliction of emotional distress ("IIED"); (2) state law tort claim for false arrest; (3) a federal claim for deprivation of privileges and immunities in violation the 14th Amendment; and (4) a federal claim for deprivation of liberty without due process in violation of the 14th Amendment.

---

[1]The court will collectively refer to the Lake County Jail and Lake County Sheriff's Department defendants as "Lake County defendants." Where necessary, the parties will be separately referred to as "Jail defendants" and "Sheriff's defendants."

Plaintiff and Newton County defendants have amicably resolved these claims and accordingly filed a stipulation of dismissal. (DE # 33.) The remaining defendants, Lake County Jail and the Lake County Sheriff's Department have filed a motion for summary judgment as to all claims. (DE # 41.) The motion has been fully briefed and is ripe for ruling.

## II. LEGAL STANDARD

Defendants have moved for summary judgment. FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a

genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

### III. DISCUSSION

#### A. State Law Claims

Defendants argue that they are entitled to summary judgment on plaintiff's state law claims (Counts 1 &2) because she has failed to comply with the requirements of the Indiana Tort Claims Act ("ITCA"). (DE # 42 at 4.) Plaintiff does not dispute that these two counts are subject to the ITCA's requirements but argues that she has nonetheless satisfied these requirements. (DE # 51 at 2-3.)

Tort claims brought under Indiana law are subject to the ITCA's procedural and substantive requirements. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 648 (citing *Bienz v. Bloom*, 674 N.E..2d 998, 1003 (Ind. Ct. App. 1996) ("[O]ur supreme court has held that the Act applies to all torts.")). Compliance with the ITCA is a prerequisite to pursuing a tort claim against a government entity regardless of whether the suit is filed in state or federal court. *Id.* One of the ITCA's requirements is that the plaintiff must provide notice of tort claims to the defendant's government body within 180 days after

the alleged loss occurs. *Id*. at 648-49 (citing *Kelly v. City of Michigan City,* 300 F.Supp.2d 682, 689 (N.D. Ind. 2004) (granting summary judgment against plaintiff who failed to file tort claims notice within 180 days of the alleged violation)); Ind. Code § 34-13-3-8(a); § 34-6-2-110(7). Failure to timely file a notice of tort claim is a jurisdictional bar to the claimants action and provides immunity from liability. *Doe v. Lance*, 3:95-CV-736, 1996 WL 663147, at *5 (N.D. Ind. July 15, 1996).

Defendants argue that, at the very latest, plaintiff's loss occurred when she was released from custody on August 27, 2012. (DE # 42 at 6.) Thus, they contend her state law claims are barred because she did not file her notice until September 8, 2013 which is 377 days later. (*Id.*) Plaintiff argues that her loss was an ongoing event that only ended on May 15, 2013, when the underlying criminal charges against her were dismissed. (DE # 51 at 3.) Counting from this date, her notice was filed only 116 days later--within the 180-day window of the ITCA. (*Id.*) In support of using this later date, she argues that it was an ongoing tort and that, had she been convicted of the underlying charges, her claims would likely be barred. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's argument is simply incorrect.

For an individual who remains in custody, a claim for false arrest or false imprisonment accrues at the time the individual is brought before a magistrate or arraigned on charges. *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010) (citing *Wallace v. Kato* 549 U.S. 384 (2007)). If an individual posts bond, or is otherwise released from custody, the claim accrues at the time of release. *Bedree v. Estate of Lebamoff*, No. 1:04-CV-427, 2008 WL 756161, at *4 (N.D. Ind. Mar. 21, 2008) (plaintiff's false

imprisonment claim accrued on the date that she posted bond and was released); *Finwall v. City of Chicago,* 490 F.Supp.2d 918, 921 (N.D. Ill. 2007)("[F]alse imprisonment claims accrue on the date the plaintiff is arraigned or released from custody before being charged.")(citing *Wallace* 549 U.S. at 389). Given that plaintiff's IIED claim arises out of the same conduct as the false imprisonment claim, it also accrues upon her release from custody. *Todd v. Lake County Sheriff's Dept.*, No. 2:08-CV-314, 2013 WL 2156470, at *3 (N.D. Ind. May 17, 2013).

Plaintiff's reliance on the "doctrine of continuing wrong" is likewise misplaced. Under this doctrine, statutory limitations periods may be tolled where the injury is caused by a continuing course of wrongful conduct. *Serino v. Hensley,* 735 F.3d 588, 591 (7th Cir. 2013); *Parish v. City of Elkhart*, 614 F.3d 677, 683 (7th Cir. 2010). Plaintiff has not made any allegations that the defendants played any role in the prosecution of the underlying criminal case, nor has she alleged that they undertook any acts that would constitute an ongoing course of conduct. As such, the continuing wrong doctrine does not apply. Furthermore because she did not timely file notice her state law claims are procedurally barred by the ITCA. *See Kelly,* 300 F.Supp.2d at 689.

### B. Federal Claims

Plaintiff also brings claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must prove that (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parrat v. Taylor,*451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*,

474 U.S. 327 (1986). Claims brought against government entities are covered under the standard set forth in *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978). Under *Monell,* a local government may not be sued under § 1983 for an injury caused solely by its employees or agents. *Id.* at 694. Rather, "a plaintiff must show the existence of an "official policy" or other governmental custom that not only causes but is the "moving force" behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 834 (7th Cir. 2012) (citing *Estate of Sims v. Cty of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)).

The first question under *Monell* is whether plaintiff can demonstrate some injury to her constitutionally-protected interests. *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) ("[I]f no constitutional violation occurred in the first places, a *Monell* claim cannot be supported."). Plaintiff claims that defendants deprived her of her 14th Amendment rights by mistakenly detaining her and failing to investigate or verify her claims of innocence. Claims that are based on the continued detention of individuals after they have been arrested on a valid warrant are governed by the Due Process Clause. *Panfil v. City of Chicago,* 45 F. App'x 528, 532-33 (7th Cir. 2002); *Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of liberty without due process of law.") (internal citation and quotation marks omitted).

The Supreme Court's opinion in *Baker* is instructive on the issue of whether the facts at hand constitute a due process violation. *See Panfil v. City of Chicago*, 45 F. App'x

528, 533 (7th Cur. 2002). In *Baker,* the Supreme Court held that a three-day period of detention in a case of mistaken identity did not give rise to a due process violation under the 14th Amendment. 443 U.S. at 45. Courts in the Seventh Circuit have since used *Baker* as a benchmark to determine the length of time after which a custodian is obligated to investigate claims of innocence based on mistaken identity. *See Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir. 1987) (detention of wrong individual for twenty-four hours did not amount to due process violation); *Panfil,* 45 F. App'x at 534 (finding no due process violation where plaintiff was held in jail for three days); *Johnson v. City of Chicago*, 711 F.Supp 1465, 1470 (six days of mistaken incarceration was sufficient to state a claim); *Hernandez v. City of Chicago*, No. 99 C 6441, 2001 WL 128246, at *4 (N.D. Ill. Feb. 9, 2001) (15-day detention was sufficient to state a claim); *Griffin v. Sheahan,* No. 98 C 2398, 1999 WL 342400, at *7 (N.D. Ill. May 14, 1999), opinion clarified on denial of reconsideration, No. 98 C 2398, 1999 WL 417342 (N.D. Ill. June 16, 1999) (finding five days sufficient to state a claim).

Turning to the facts in this case, the Newton County defendants have already been dismissed from this action and thus the first three days of plaintiff's detention are not at issue. Rather, plaintiff's claims against Lake County defendants only concern the period of time covering her arrival at the jail up until she posted bond that evening. At a mere eight hours, the duration of incarceration is far less than the three days which the Supreme Court determined did not give rise to a due process violation in *Baker.* Based on this precedent, plaintiff's claims against Lake County do not amount to a violation of her due process rights. Because she cannot establish a violation of her

constitutional rights, she cannot establish § 1983 liability under *Monell* and these claims also fail. *See Brown,* 823 F.2d at 169; *Panfil*, 45 F. App'x at 534.

IV.     CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment (DE # 41) is **GRANTED.** Because no claims remain against any defendants in this case, the clerk is to **ENTER FINAL JUDGMENT** in favor of the defendants stating that plaintiff Ana L. Rodriguez shall take nothing by way of her complaint.

**SO ORDERED.**

Date: September 30, 2016

<u>s/James T. Moody</u>
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT